**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5482-15T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

  v.

JESUS MIGUEL GONZALEZ,

     Defendant-Appellant.

_____

Submitted June 6, 2017 — Decided June 20, 2017

Before Judges Fisher and Leone.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 11-08-00946.

Eduardo J. Jimenez, attorney for appellant.

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Erin Smith Wisloff, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

In appealing the denial of his post-conviction relief (PCR) petition, defendant argues that the judge mistakenly speculated as to why his attorney's advice might have constituted a reasonable

tactic rather than conduct an evidentiary hearing to develop the issues and examine why the attorney advised defendant to waive his right to remain silent and make incriminating statements. We agree defendant asserted a prima facie case of ineffectiveness, and we remand for an evidentiary hearing.

Defendant was indicted in 2011 and charged with: twelve counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); twelve counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); seven counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); nine counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1); nine counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); and eighteen counts of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b).

In February 2009, at the investigatory stage, defendant gave incriminating statements to police that were videotaped. Following the indictment, defendant moved to suppress his statements and for relief based on what he claimed was the ineffective assistance of his attorney. The trial judge denied the suppression motion and declined to consider the ineffectiveness claim.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of second-degree sexual assault, N.J.S.A. 2C:14-2(b). The State agreed to dismiss all other charges. In accordance with the agreement, the judge sentenced defendant to a

seven-year prison term with an eighty-five percent period of parole ineligibility.

On December 2, 2015, defendant filed a PCR petition,[1] claiming his attorney was ineffective because he "advis[ed] and permit[ed]" defendant, despite his "wishes to the contrary, to go to police investigators . . . and make incriminating statements regarding the offenses alleged." Defendant also argues that this advice was provided by his attorney without attempting to obtain "immunity, proffer agreement, or any other such protections against self-incrimination," and that he was "misinform[ed] and misle[d]" about whether his statements could or would be used against him at trial because, among other things, his attorney did not explain his constitutional right against self-incrimination.[2]

After hearing counsel's argument, the PCR judge denied relief for reasons expressed in his June 23, 2016 oral decision.

Defendant appeals, arguing:

> I. THE TRIAL COURT ERRED BECAUSE THE TRIAL COURT USED FACTS NOT IN THE RECORD TO CONCLUDE THAT THE DEFENDANT['S] PRIOR COUNSEL DID NOT COMMIT INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE PRIOR COUNSEL HAD OBTAINED THE BENEFIT

---

[1] Defendant was released on parole in 2015 but immediately detained on an immigration detainer. This prompted the filing of the PCR petition.

[2] These assertions are contained in the PCR petition executed by defendant's PCR counsel. Defendant separately verified that these allegations "are true."

OF A LESSER CHARGE AND A LESSER SENTENCE FROM THE STATE IN EXCHANGE FOR [DEFENDANT] MAKING TRUTHFUL INCRIMINATING STATEMENTS TO POLICE WHEN SUCH FACTS HAD NEVER BEEN ALLEGED BY EITHER THE STATE OR [DEFENDANT].

II. THE TRIAL COURT FAILED TO APPLY THE CORRECT LEGAL STANDARD FOR DETERMINING WHETHER [DEFENDANT] WAS ENTITLED TO POST-CONVICTION RELIEF FOR INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON A GUILTY PLEA BECAUSE THE COURT USED THE LEGAL STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL INSTEAD AND MADE NO MENTION OF THE DiFRISCO[3] STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON GUILTY PLEAS.

We find insufficient merit in Point II to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We agree, however, with that part of defendant's Point I that asserts the judge erred by refusing to conduct an evidentiary hearing, and we remand for that purpose.

As we have observed, defendant provided sworn statements in support of his PCR petition that his attorney erroneously advised him to waive his right to remain silent, to speak with police, and to give incriminating statements. In declining to conduct an evidentiary hearing and in denying post-conviction relief, the judge acknowledged that "frequently it is not good advice" to

---

[3] State v. DiFrisco, 137 N.J. 434 (1994).

instruct "a defendant to give[] an incriminating statement and admission"; the judge elaborated:

> We understand when we practice criminal law and because of the fact that Miranda[4] warnings are never far from our minds; that someone has the right to remain silent, the right to counsel[,] and whatever they say may be used against them. That indeed admissions may be used as evidence against a subject. And so . . . a defense attorney's role is to defend, put the State to its proofs, not provide incriminating evidence[.] [Y]ou general[ly] [do] not [give that advice].

The judge, however, recognized "there are very many exceptions to that broad proposition." The judge observed, for example, that at times an attorney might reasonably counsel a client to admit to "a relatively minor crime" to avoid a more serious charge. By the same token, the judge recognized that "[i]t's a little bit dicier when, as here, the video confession attended by counsel, and in that sense sanctioned by counsel, is a material part of the proofs against the defendant." Nevertheless, the judge recognized that "it is still the case that there are benefits to cooperation and those benefits can yield the particular fruits of consideration in terms of the charge that a defendant is ultimately allowed to plead guilty to, the sentence exposure that he might have."

---

[4] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Here, as the judge recognized, defendant was exposed to first-degree charges and "literally dozens of counts." And while defendant "did not get a slap on the wrist in exchange for his cooperation, remorse, insight[,] however you want to characterize it," "he did not get anything approaching the outer limit of the possible consequence of his misconduct that might have been identified" and that, in light of the first-degree charges, defendant was likely facing "as many as two sentences consecutively."

We cannot say that the judge's reasoning lacks logic. The problem is we don't know whether this was the logic employed by defense counsel or whether counsel so explained to his client why he should give the incriminating statements. Nor can we tell from the record whether such an approach constituted a sound or reasonable strategy in this particular case. Consequently, we vacate the order denying post-conviction relief and remand for an evidentiary hearing.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5482-15T4